•Whitaker, Judge,
delivered the opinion of the court:
This is a suit to recover liquidated damages assessed for failure to complete on time the work of constructing the North .Manitou Shoals Light Station on Lake Michigan.
The contract was entered into July 21, 1933. Notice to proceed was received on July 29,1933. Plaintiff was required to proceed within ten days thereafter and to complete the work in 120 days thereafter, excluding the period from October 1 to April 30, when no work was required to be performed. In addition, on account of bad weather a stop order was issued suspending work for the entire month of May 1934. This made the time for completion July 27,1934. The work was completed September 19, 1934, 54 days later. Liquidated damages have been assessed for 32 days’ delay amounting to $2,373.02, for which plaintiff sues.
The contracting ofiicer found that the plaintiff had been delayed a total of 85 days, tabulated as set forth in finding 9, none of which he found was due to plaintiff’s fault or negli *542 gence. He .recommended that no liquidated damages be assessed.
A copy of these findings was not furnished the plaintiff, but was sent to the Commissioner of Lighthouses. On review of the findings the Commissioner of Lighthouses disallowed the 5 days due to the unusual and extremely hard driving encountered from September 19 to 30, inclusive, and all of the delay during October and November, except 17 days. He also recommended that no liquidated damages be assessed. This was approved by the Assistant Secretary of Commerce.
Article 9 of the contract provides that “the contractor shall pay * * * liquidated damages for each calendar day of delay,” but with the proviso that he shall not be “charged with liquidated damages because of any delays in the completion of the. work due to unforeseeable causes beyond the control and without the fault or negligence of the contractor * *
The contracting officer’s findings are challenged by the defendant in the following three particulars: (1) 5 days delay from September 19 to 30 due to “unusual and extremely, hard driving” conditions; (2) 43 days during October and November, as well as the allowance of 17 days during this period by the Commissioner of Lighthouses and the Assistant Secretary of Commerce; and (3) 15 days for “'unforeseeable boiler repairs.”
With reference to the first item, the defendant says this period of time is covered in part at least by the allowance for the same period on account of bad weather. This is true. The total period was 12 days. Eight days’ allowance was made for bad weather during this time and, consequently, the allowance for hard driving during this period could not be for more than four days.
The defendant says in its brief that during this period the plaintiff “performed a substantial amount of work.” No foundation for this statement can be found in the “Agreed Statement of Facts,” upon which the case was tried. How much effective work was done is not stated expressly, but the contracting officer has.found the plaintiff was delayed this length of time, and by inference at least he has found that it was unforeseeable that these conditions .would be encountered, and there is nothing to contradict it.
*543 The plaintiff is entitled to. recover the liquidated damages deducted for these four days.
Plaintiff is not entitled to recover on account of any part of the 43 days’ delay.’ No part of this period was included, in computing the .time for completion of the contract. Liquidated damages were not assessed for any part' of this period. Plaintiff’s costs were no dpubt increased due to haying to work at this time, but his suit is not for excess costs, but for liquidated damages deducted.
•The last item is for “unforeseeable boiler repairs.”-. Plaintiff’s boilers had been approved until’ August 1934. Why he requested inspection in June is not disclosed, but there is nothing to contradict the contracting officer’s finding that the condemnation, of them was unforeseeable, and that this resulted in the delay stated.
The contracting officer found plaintiff was entitled to an extension of 85 days. Forty-four days were improperly allowed, but plaintiff is entitled to an extension of 41 days. He has been paid for damages deducted for 22 days.' 1 This leaves 19 days for which he is entitled to recover at $74.16 per day, a total of $1,409.04. Judgment will be rendered for this amount. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice; concur.
Jones, Judge, took no part in the decision of this case.